### PRINZ v. CITIZENS' INS. CO.

(Supreme Court, Appellate Division, Second Department. March 26, 1903.)

1. INSURANCE—DENIAL OF LIABILITY—COMPROMISE.

After loss the insurance company denied liability, but paid a mortgagee the amount of the mortgage, taking an assignment thereof. The insurer then wrote the insured, stating that it was the policy of the company to avoid litigation, that they had paid the mortgagee in full, and therefore only allowed insured the difference between the mortgage and the face of the policy, if anything, and offered to settle for half that difference, which was $180. The insured demanded $200, and the insurer agreed to pay that amount. The insured executed a receipt reciting that the insurer denied liability, and paid the $200 to avoid litigation, and not under the policy. *Held*, that the amount paid the mortgagee was included in the amount paid in settlement, so that the insurer should be required to release the mortgage.

Goodrich, P. J., dissenting.

Appeal from Special Term, Nassau County.

Action by Henrietta Prinz against the Citizens' Insurance Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

George Wallace, for appellant.
William D. Murray, for respondent.

HOOKER, J. The plaintiff was the owner of a house and lot, and carried insurance in the defendant company in the sum of $1,000. The property was mortgaged for $600, and at the time of the plaintiff's loss the amount of the mortgage, together with the interest, was $641. The policy of fire insurance conformed to the New York standard fire insurance form. After her loss the plaintiff made claim for the full amount of the policy, and the defendant declined to pay it. A settlement was finally arranged between the attorneys for the respective parties, and $200 paid by the defendant, in return for which the plaintiff executed and delivered a receipt for that sum, which included the following words:

"I understand that the said company denies its liability to me under said policy, because the insured premises had been vacant more than ten days

before said fire, and that this payment is not made to me under said policy, or because of any liability on its part to me, but to avoid the expense of litigation."

Before this $200 passed, the defendant paid to the mortgagee the full sum of $641 then due him, and took from him an assignment of his mortgage. Some few days after the settlement between the parties hereto, the plaintiff asked the defendant to satisfy the mortgage. This the defendant declined to do, and the action is brought to compel the defendant to execute and deliver a satisfaction of that mortgage.

The learned court below evidently tried this case upon the theory that it was brought for the purpose of reforming the receipt quoted from on the ground of mutual mistake; but the demand for relief, as appears in the complaint, is unambiguous and clear, and the pleadings present for the determination of the court but the single question whether the defendant, in the course of its negotiations with the plaintiff for settlement, intended to treat the amount of money paid to the mortgagee as part of the sum included in the settlement with the plaintiff. It appears from the letters in evidence that some correspondence was had between the representatives of the respective parties in relation to the adjustment of this insurance; the defendant asserting that it was not liable to the plaintiff, on the ground that the policy had become void for the reason that the premises had been vacant at the time of the fire, for more than 10 days. Defendant's agent, in its first proposition of settlement, writes as follows:

"I am always disposed to settle claims against insurance companies, rather than go into litigation. We paid the mortgagee $641. The amount of the policy was $1,000; so that, if. we owed Mrs. Prinz anything, it would be $359. If you will accept one-half this sum in full settlement, I will advise the company to pay it."

In reply to this letter the plaintiff suggested that the defendant make the settlement for $200 even, instead of for one-half the $359, and later that counter offer was accepted by the defendant, the money paid, and receipt passed. There is in the case no evidence as to the value of the property destroyed. The defendant admits the presentation of a proper satisfaction piece with the request for its execution, and that it has declined to execute and deliver to the plaintiff a satisfaction of the mortgage referred to.

Upon these proofs, the learned court found as a fact that the policy became void, owing to the unoccupancy of the insured premises, that the $200 paid was in full settlement of plaintiff's claim, and that the defendant made the payment of $200 and accepted a receipt under no mistake or misapprehension. Exceptions were filed by the plaintiff, and these present the questions for review.

We are of the opinion that the proposition of the defendant to settle plaintiff's claim clearly indicated an intention on its part to include in the settlement the value of the mortgage. In presenting the matter to her, the company called to her attention the fact that it had paid the mortgagee $641, and sought to agree with the plaintiff upon an amount to satisfy her claim on the basis of the exact difference between that sum and the face of the policy. We think that the only fair intendment of this evidence is that the defendant by that proposition was offering the amount then due on the mortgage, together with

something in addition thereto, and that the settlement as it actually took place was for the sum of $841, being the amount then due upon the mortgage together with the $200 paid in cash.

Under this view of the effect of the evidence, the judgment appealed from should be reversed, and a new trial granted, with costs to abide the event.   All concur, except GOODRICH, P. J., who dissents.